UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, | No. C-09-3722 EMC |
| Petitioners, | |
| v. | **ORDER TO SHOW CAUSE RE CONTEMPT** |
| JEAN-SEBASTIEN BLOT, | |
| Respondent. | **(Docket No. 13)** |
| _____/ | |

    Petitioners have filed an application to reopen the case and have asked for the issuance of an order to show cause regarding contempt. Having reviewed the application, the Court hereby grants the requested relief.

    Petitioners initiated this litigation seeking enforcement of an IRS summons in August 2009. Both Petitioners and Respondent consented to proceeding before a magistrate judge. *See* 28 U.S.C. § 636(c) (providing that, "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case"); Docket Nos. 4, 11 (consent). The parties ultimately stipulated to a dismissal of the case after they reached an agreement that Respondent would provide the documents requested in the IRS summons. *See* Docket No. 12 (stipulation and order). As part of the stipulation, the parties also agreed that the case could be reopened "by either party should any disagreement arise regarding whether respondent has fully complied with the summons." Docket No. 12 (Stip. ¶ 5).

According to Petitioners, Respondent has failed to fully comply with the summons, thus necessitating the request to reopen the case. Petitioners have provided evidence to support their contention that there has been a failure to comply. *See* Newman Decl. ¶ 5. The Court therefore grants Petitioners' request that the case be reopened, consistent with the terms of the parties' stipulation.

In their papers, Petitioners have also asked for the issuance of an order to show cause regarding contempt. More specifically, Petitioners have asked that the undersigned conduct a hearing as to whether Respondent should be held in contempt, thereafter certify facts to a district judge regarding the contempt issue, and finally require Respondent to appear before the district judge to show cause why he should not be adjudged in contempt by reason of the facts so certified. *See* 28 U.S.C. § 636(e)(6)(B)(iii). The Court need not follow the procedure contained in § 636(e)(6)(B)(iii) because, in this case, the parties have consented to proceeding before a magistrate judge and Petitioners appear to be asking for civil contempt only. Therefore, § 636(e)(4) is applicable. *See id.* § 636(e)(4) (providing that, "[i]n any case in which a United States magistrate judge presides with the consent of the parties under subsection (c) of this section, . . . the magistrate judge may exercise the civil contempt authority of the district court").

Accordingly, the Court hereby issues on its own authority an order to show cause. Respondent is ordered to show cause as to why he should not be held in contempt for his failure to produce documents responsive to the IRS summons by the agreed-upon date (*i.e.*, January 30, 2010). *See* Docket No. 12 (Stip. ¶ 1). By **April 21, 2010**, Respondent may file a brief and any supporting evidence (*e.g.*, a declaration submitted under penalty of perjury) to show why he should not be held in contempt. The Court shall hold a hearing as to whether Respondent should be held in contempt on **May 5, 2010, at 10:30 a.m.**

///
///
///
///
///

2

Petitioners are ordered to serve a copy of this order on Respondent so that it is **received** no later than March 31, 2010. Service shall be made in accordance with Federal Rule of Civil Procedure 5.

IT IS SO ORDERED.

Dated: March 23, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge

3